# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER J. GILKEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 20-1053-EFM-KGG ) |
| KING OF FREIGHT, | ) ) |
| Defendant. | ) ) |

# MEMORANDUM & ORDER GRANTING
# MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND
# ORDER TO AMEND COMPLAINT TO SHOW CAUSE AS TO WHY
# DISMISSAL SHOULD NOT BE RECOMMENDED

In conjunction with his federal court Complaint alleging workplace discrimination (Doc. 1), Plaintiff Christopher J. Gilkey, who is representing himself *pro se*, has filed a Motion to Proceed Without Prepayment of Fees ("IFP application," Doc. 3, sealed) with a supporting financial affidavit. After review of Plaintiff's motion, the Court **GRANTS** the IFP application. The Court also, however, enters an Order directing Plaintiff to file Amended Complaint, **within thirty (30) days of receipt of this Order**, to **SHOW CAUSE** as to why the undersigned Magistrate Judge should not **recommend DISMISSAL** of the Complaint to the District Court for the reasons set forth below.

1

# ANALYSIS

I. **Motion to Proceed *In Forma Pauperis*.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right – fundamental or otherwise.'" ***Barnett v. Northwest School***, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v. Colorado***, 157 F.3d 1226, 1233 (10th Cir. 1998)). The decision to grant or deny in forma pauperis status lies within the sound discretion of the court. ***Cabrera v. Horgas***, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally*, ***Yellen v. Cooper***, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. See ***Patillo v. N. Am. Van Lines, Inc.***, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is 53 years old and single with no dependents. (Doc. 3-1, sealed, at 1-2.) He indicates he is currently unemployed and lists prior employment as a salesman earning commission with a local company. (*Id.*, at 2-3.) He does not own real property but does own two automobiles, on which he owes a significant amount, with monthly payment(s) over $400. (*Id.*, at 3-4.) He lists a small amount of cash on hand. (*Id.*, at 4.) He has never filed for bankruptcy. (*Id.*, at 6.) He does not receive food stamps or other assistance from the government. (*Id.*, at 5-6.) He indicates a modest monthly rent payment, along with typical expenses, including telephone and car insurance. (*Id.*, at 5.) The Court notes that Plaintiff's stated monthly grocery expense is unusually high.

Considering the information contained in his financial affidavit, the Court finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff's request to proceed *in forma pauperis*. (Doc. 3, sealed.)

As stated above, however, the Court also enters an Order directing Plaintiff to **SHOW CAUSE** as to why the undersigned Magistrate Judge should not **recommend DISMISSAL** of the Complaint. Plaintiff's form Complaint indicates the alleged discrimination occurred in October and November of 2018. (Doc. 1, at

2.) Plaintiff states that he filed a charge of discrimination with the Kansas Commission on Human Rights in November 2018. (*Id.*) He also checked the box to indicate he had filed a charge of discrimination with the EEOC. (*Id.*) Plaintiff failed, however, to indicate in the form Complaint when the EEOC charge was filed. (*Id.*) Further, although he indicates he has received a right-to-sue letter, he has failed to attach a copy of that letter to the Complaint, as clearly directed in the Complaint. (*Id.*)

Plaintiff is thus directed to file an Amended Complaint **within thirty (30) days of receipt of this Order**. That Amended Complaint must answer Question No. 5 in the form, stating when the EEOC charge was filed. (*Id.*) Plaintiff must also attach a copy of the right-to-sue letter to the Amended Complaint as instructed in the form. (*Id.*) The Court requires this information to determine if Plaintiff's Complaint was filed in a timely manner or if his claims should be barred by the applicable statute of limitations.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff must **SHOW CAUSE** as to why the undersigned Magistrate Judge should not **recommend DISMISSAL** of the

Complaint. In so doing, Plaintiff must file an Amended Complaint, **within thirty (30) days of receipt of this Order**, with the information discussed herein.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 5th day of March, 2020.

s/ K<small>ENNETH</small> G. G<small>ALE</small>  
KENNETH G. GALE  
United States Magistrate Judge