## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHRISTOPHER J. GILKEY, )
)
Plaintiff, )
)
vs. )        Case No. 20-1053-EFM-KGG
)
KING OF FREIGHT, )
)
Defendant. )
)

## REPORT & RECOMMENDATION OF DISMISSAL OF COMPLAINT

In conjunction with his federal court Complaint alleging workplace discrimination under Title VII and the Age Discrimination in Employment Act (Doc. 1), Plaintiff Christopher J. Gilkey, who is representing himself *pro se*, filed a Motion to Proceed Without Prepayment of Fees ("IFP application," Doc. 3, sealed) with a supporting financial affidavit.  In its prior Order, the Court granted the IFP application but also entered an Order to Show Cause as to why the undersigned Magistrate Judge should not recommend dismissal of the Complaint to the District Court.  (Doc. 5.)

In doing so, the undersigned Magistrate Judge found that Plaintiff's form Complaint indicates that the alleged discrimination occurred in October and November of 2018.  (Doc. 1, at 2; Doc. 5, at 3.)  Plaintiff's Complaint also states

that he filed a charge of discrimination with the Kansas Commission on Human Rights in November 2018.  (Doc. 1, at 2; Doc. 5, at 4.)  He checked the box to indicate he had filed a charge of discrimination with the EEOC.  (*Id*.)  Plaintiff failed, however, to indicate in the form Complaint when the EEOC charge was filed.  (*Id*.)  Further, although he indicates he has received a right-to-sue letter, he failed to attach a copy of that letter to the Complaint, as clearly directed in the Complaint.  (*Id*.)

Plaintiff was directed to amend his form Complaint to answer Question No. 5 in the form, stating when the EEOC charge was filed.  (Doc. 5, at 4.)  Plaintiff was also directed to attach a copy of the right-to-sue letter to the Amended Complaint as instructed in the form.  (*Id*.)  The Court explained that this information was necessary to allow the Court to determine if Plaintiff's Complaint was filed in a timely manner or if his claims should be barred by the applicable statute of limitations.  (*Id*.)

Plaintiff has now filed a supplement to his Complaint, stating that that he filed his charge of discrimination on "November 26, 2020."  (Doc. 7, at 1.)  This is clearly a clerical error as this date has yet to occur.  The EEOC charge, which is included in Plaintiff's supplement, is numbered 28D-__**2019**__-00178.  (*Id.*, at 2 (emphasis added).)  The Court will, therefore, assume for purposes of the Show Cause Order that the EEOC charge was filed on November 26, 2019.  Plaintiff

states that the KHRC and EEOC charges were a dual filing.  (*Id*., at 1.)  As such, the Court will assume, for purposes of this Order, that Plaintiff's KHRC charge was filed on this date as well.

If the events at issue occurred in October or November 2018, as alleged in Plaintiff's Complaint, and the charge of discrimination was not filed until November 2019, Plaintiff did not file a timely charge of discrimination.  "A plaintiff alleging a violation of Title VII must file an administrative charge with the EEOC within 300 days of the challenged action."  ***Johnson v. Cherokee County Board of County Commissioners***, No. 17-2644-JAR, 2020 WL 1320720, *8 (D. Kan. March 20, 2020) (citation omitted).  The ADEA also "requires that a charge of discrimination be filed with the EEOC within 300 days of the alleged discriminatory practice."  ***Brough v. O.C. Tanner Company***, No. 16-1134-TS, 2017 WL 3172996, *2 (D. Utah. July 25, 2017) (citing ***Almond v. Unified Sch. Dist. No. 501***, 665 F.3d 1174, 1176 (10th Cir. 2011)).  A charge filed a year or more after the alleged discriminatory events occurred was not filed within the required 300 days.

"The timely filing of an administrative charge is akin to a statute of limitations, and a claim is barred if it is not filed within those time limits."  ***Johnson***, 2020 WL 1320720, *8 (citation omitted).)  Based on the allegations in his Complaint and supplement thereto, Plaintiff has failed to "substantively

demonstrate that any of the … [alleged] incidents fell within the 300 days of filing his EECO charge." (*Id.* (citation omitted).) As such, his claim is barred as untimely. Thus, the undersigned Magistrate Judge **recommends** to the District Court that Plaintiff's Complaint be **DISMISSED**.

IT IS **RECOMMENDED** to the District Court that Plaintiff's Complaint (Doc. 1) and supplement thereto (Doc. 7) be **DISMISSED**. The Clerk's office shall not proceed to issue summons in this case.

IT IS THEREFORE ORDERED that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

IT IS SO RECOMMENDED.

Dated at Wichita, Kansas, on this 7th day of May, 2020.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge